### J. T. McDonald *v.* The State

1. PRACTICE IN COUNTY COURT. — If, in a case transferred to the County Court from the District Court, no sufficient certified copy of the proceedings in the District Court appears, it is competent to supply the defects in the certified copy, or to obtain a new and sufficient one.

2. SAME — *Quære*, whether a plea to the jurisdiction of the County Court, instead of a motion to quash, is not the proper practice for the defence in such cases.

APPEAL from the County Court of Johnson.   Tried below before the Hon. W. J. EWING, County Judge.

This was a case of aggravated assault and battery.   The opinion shows the defect in certificate of the district clerk.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.   Our statute provides that, "at the end of each term of the District Court of each county in this State, the district judge shall make an order transferring all criminal cases over which the District Court has no jurisdiction, to the several courts in the county having jurisdiction over the respective cases, and shall state in his order the causes transferred, and to what court they are transferred."   Acts 1876, p. 135, sect. 1; Rev. Code Cr. Proc., art. 435.

"It shall be the duty of the clerk of the District Court, without delay, to deliver the indictments in all cases transferred, together with all the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer; *and he shall accompany each case with a certified copy of all the proceedings taken therein in the District Court*, and also with a bill of the costs that have accrued therein in the District Court, and the said costs shall be collected in the court in which said cause is tried, in the same manner as other costs are collected in criminal cases."   Acts. 1876, p. 135, sect. 2; Rev. Code Cr. Proc., art. 437.

The certificate of the district clerk, in transferring this case to the County Court, after setting out, we presume, all the proceedings in the District Court, is as follows: "The State of Texas, county of Johnson.   I, John B. Hudson,

clerk of the District Court of Johnson County, Texas, hereby certify that in our said court in the cause herein stated, and of all costs incurred in same, and that all the papers on file in our said court are herewith transferred. Witness, John B. Hudson, clerk of the District Court of Johnson County, Texas. Given under my hand and seal of office," etc.

It will be noticed that the clerk does not certify that the entries and orders which he had copied were copies " of all the proceedings taken therein in the District Court." This he should have done, to have brought his certificate within the requirements of the statute.

A motion to quash the indictment was made in the County Court, the first ground of which was, " because said indictment has never been transferred from the District Court of Johnson County to this, the County Court of said county, as the law directs and requires; for that no certificate of the clerk of the said District Court, showing the action of the District Court in regard to said indictment, has ever been filed with the papers in this cause, as the law requires."

This motion, coming as it did *in limine*, when the defect in the certificate might have been amended or a new certificate given by the district clerk, should have prevailed, according to previous decisions in *Walker* v. *The State*, decided at the present term, *ante*, p. 52, and *Denton* v. *The State*, 3 Texas Ct. App. 635 ; and the court erred, it appears, in overruling the motion so far as this particular ground was concerned. But *quære*, should not the point have been made by plea to the jurisdiction, instead of by motion to quash?

We feel less hesitancy in reversing this case upon the technical error discussed, because in our opinion the court, under the peculiar circumstances shown by the evidence, should have granted defendant a new trial for the newly discovered evidence of the witness McClure.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*